## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00512-CMA-BNB

MICHAEL ANDERSON,

      Plaintiff,

v.

ADP SCREENING AND SELECTION SERVICES, INC. and
AUTOMATIC DATA PROCESSING, INC.,

      Defendants.

---

### ~~DEFENDANTS' SUBMISSION -~~ CIVIL SCHEDULING ORDER

---

### 1.DATE OF CONFERENCE AND APPEARANCES
### OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in this matter is set for June 3, 2013 at 1:30 pm before Judge Boyd

N. Boland. Defendants' counsel, Tamsen Leachman and Darin Mackender, will appear in

person.  Defendants submit this partial Scheduling Order in advance of the Scheduling

Conference because Defendants' counsel has made many attempts to communicate with Plaintiff's

counsel about this matter and has not received a substantive response since March 26, 2013.  The parties

did, however, confer briefly on these issues prior to transfer of the case to Colorado. Accordingly,

Defendants have provided the information Plaintiff's counsel previously provided in each of the sections,

below.

### 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiff(s):

The information previously provided by Plaintiff was as follows: Plaintiff has filed suit against Defendants alleging violations of the Fair Credit Reporting Act ("FCRA").  Plaintiff claims damages against Defendants for reporting a felony on his consumer report sold to a potential employer.   Plaintiff alleges that Defendants failed in their obligations to prepare a consumer report using reasonable procedure to assure maximum possible accuracy under FCRA Section 1681e(b).  Plaintiff further claims damages for Defendants' failure to send a notice letter as required by FCRA Section 1681k(a)(1) or to follow strict procedure to assure that the public records information it sells about consumers is compete and up to date.

As a result of Defendants' inaccurate reporting and failure to comply with the notice requirements of the FCRA, Plaintiff lost an employment opportunity, suffered emotional distress and had his reputation adversely affected.  Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

b.    Defendants:

As noted in Defendants' Answer, they deny the factual assertions allegedly underlying his claims, deny the viability of these claims, and further deny that Defendant Automatic Data Processing, Inc. is an appropriately named party to this action. In addition, Defendants deny that, as alleged by Plaintiff, they were required to comply with FCRA Section 1681k(a)(1), as Section 1681k(a) provides an alternative method of compliance under Section 1681k(a)(2). Finally, Defendants deny that Plaintiff lost an employment opportunity for any reason related to Defendants and thus

could not have suffered emotional distress or reputational damage that is attributable to Defendants.

In addition, Defendants have asserted a number of defenses, including the following: (1) failure to state a claim upon which relief can be granted; (2) failure to mitigate; (3) Plaintiff's alleged damages are attributable to Plaintiff or unnamed third parties; (4) Plaintiff failed to take advantage of preventative or corrective opportunities, or to avoid harm otherwise; (5) Defendants reasonably relied on information reported in public records.

      c.     Other parties: n/a

## 4. UNDISPUTED FACTS

The following facts are undisputed:
The parties have not had an opportunity to confer on this issue.

## 5. COMPUTATION OF DAMAGES

**To be supplemented on or before June 10, 2013, with a good faith estimate of the economic damages claimed.**

The information previously provided by Plaintiff was as follows: Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages for lost employment opportunities; (3) actual/compensatory damages in the nature of defamation, and harm to reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.

These damages suffered by Plaintiff are well recognized as cognizable under the FCRA. There is no "computation" for damages under categories 3, 4, and 5, *supra*, other than their valuation by a jury.

Statutory damages under category 1, *supra*, can be computed between $100 and $1,000 for Defendants' willful noncompliance with any requirement under the FCRA at issue in this case. Damages under category 2, *supra*, the economic damages will have to be established upon the acquisition of further discovery.

Finally, attorney's fees and costs under category 6, *supra*, will be determined via fee petition when Plaintiff is successful in establishing liability in this matter.

Defendants deny Plaintiff is entitled to or can prove any of the damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      **Date of Rule 26(f) meeting.**

As noted above, preliminary Rule 26(f) exchanges of information occurred prior to the transfer of this case to Colorado.

b.      **Names of each participant and party he/she represented.**

Erin A. Novak
100 S. Broad Street
19th Floor
Philadelphia, PA 19110
215.735.8600
enovak@consumerlawfirm.com

*Attorney for Plaintiff Michael Anderson*

Tamsen Leachman
111 SW Fifth Avenue
Ste 4040
Portland, OR 97204
503.205.8095
tleachman@laborlawyers.com

*Attorney for Defendants*

      **c.**      **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

      **The parties have completed their Rule 26(a)(1) disclosures.** ~~The parties have discussed an early resolution process. Defendants ask that disclosures not be required until the resolution process has been exhausted.~~

      **d.**      **Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ.P. 26(a)(1).**

No changes have been discussed between counsel.

      **e.**      **Statement concerning any agreements to conduct informal discovery:**

      The parties have discussed informal discovery and early settlement discussions or mediation. To date, this has not occurred.

      **f.**      **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

      The parties have discussed the potential to conduct depositions via remote video conference so that parties and counsel will not have to expend additional time and resources traveling to litigate this matter.

      **g.**      **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

      The information previously provided by Plaintiff was as follows: Plaintiff anticipates his claims will require the discovery of Defendants' electronically stored information concerning him, its database and the policies and procedures implemented under the FCRA.  Such documents will be requested in a .pdf or hardcopy format.

      Defendants do not believe electronically stored information will be a material component of discovery.

 

**h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The information previously provided by Plaintiff was as follows: Plaintiff will provide a

demand upon request based upon the facts as they are known at that time.

Since then, the parties discussed early resolution options and a process by which this

could be accomplished.  Unfortunately, progress has not been made in this area.

## 7. CONSENT

All parties ☐ ~~[have]~~ ☐ **[have not] consented to the exercise of jurisdiction of a**

**magistrate judge.**

## 8. DISCOVERY LIMITATIONS

**a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Each side may take no more than five depositions, plus the depositions of any**

**specially retained experts designated pursuant to this Scheduling Order.  Each side may**

**serve no more than 20 interrogatories.**

~~Defendants propose that depositions be limited to ten and that interrogatories be limited to~~

~~twenty-five~~.

**b.    Limitations which any party proposes on the length of depositions.**

**No deposition may exceed one day of seven hours.**  ~~Defendants propose that all depositions be limited to seven (7) hours.~~

**c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Each side may serve no more than 20 requests for production and 20 requests for**

**admissions.**  ~~The information previously provided by Plaintiff was as follows: Plaintiff requests~~

~~that the limits of the Federal Rules of Civil Procedure be followed for Requests for Admissions and Requests for Production of Documents.~~

~~Defendants request that requests for production and admission be limited to thirty-five.~~

**d.      Other Planning or Discovery Orders**

~~The information previously provided by Plaintiff was as follows: Plaintiff requests that Defendant submit any proposed protective order within 14 days of the Rule 16 Conference in this matter.~~

~~Defendants request that the protective order submission be delayed until 30 days after the parties have completed early settlement efforts, including informal discussions and/or use of a judicial settlement conference.~~

## 9.  CASE PLAN AND SCHEDULE

**a.      Deadline for Joinder of Parties and Amendment of Pleadings:**

**July 1, 2013** ~~Defendants propose August 5, 2013.~~

**b.      Discovery Cut-off:**

**September 20, 2013** ~~Defendants propose 90 days following the completion of early settlement efforts, including informal discussions and/or use of a judicial settlement conference. Defendants believe an October 1, 2013 cut-off deadline will achieve this objective.~~

**c.      Dispositive Motion Deadline**

**October 3, 2013** ~~Defendants propose 30 days following the completion of discovery.~~

**d.      Expert Witness Disclosure**

**1.      The parties shall identify anticipated fields of expert testimony, if any.**

**Each side may designate no more than three specially retained expert witnesses.**

~~The information previously provided by Plaintiff was as follows: Plaintiff may call an expert for testimony pertaining to causation or damages.~~

~~Defendants may call one or more experts for testimony regarding industry standards, IT limitations, causation and damages.~~

      **2.**        **Limitations which the parties propose on the use or number of expert witnesses.**

Defendants propose that the parties be limited to no more than two experts and that the purpose limitations be evaluated once expert reports are provided.

      **3.**        **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 1, 2013**  ~~**December 31, 2013.**~~

      **4.**        **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 30, 2013**  ~~**January 31, 2014.**~~

    **e.**        **Identification of Persons to Be Deposed:**

The information previously provided by Plaintiff was as follows: Plaintiff intends to depose third party witnesses of Red Vision, corporate representative(s) of Defendants with knowledge of the policies and procedures of Defendants relevant to the consumer report at issue, representatives of Defendants who have knowledge of the facts and circumstances giving rise to this litigation.  Plaintiff reserves the right to supplement and/or amend this list consistent with further discovery.

Defendants anticipate deposing Plaintiff, Plaintiff's expert, Red Vision, if not deposed by plaintiff, and possibly other witnesses identified through discovery.

    **f.**        **Deadline for Interrogatories:**

**All written discovery must be served so that responses are due on or before the discovery cut-off.** ~~Defendants request that written discovery commence once the early resolution efforts of the parties have concluded.~~

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions**

**All written discovery must be served so that responses are due on or before the discovery cut-off.** ~~Defendants request that written discovery commence once the early resolution efforts of the parties have concluded.~~

### 10. DATES FOR FURTHER CONFERENCES

    **a.**    Status conferences will be held in this case at the following dates and times:

_____.

    **b.**    A final pretrial conference will be held in this case **on December 10, 2013, at 9:00 a.m.**   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **December 3, 2013.**   ~~seven (7) days before the final pretrial conference.~~

### 11. OTHER SCHEDULING MATTERS

    **a.**    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    Updated conferral did not occur so it is unclear.

    **b.**    Anticipated length of trial and whether trial is to the court or jury.

    Three to four days.

    **c.**    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs,

Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction,

Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

>           None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving

attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of

a notice of change of his or her address or telephone number with the clerk of the magistrate judge

assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any

motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or

telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

Dated June 3, 2013.

BY THE COURT:


 s/ Boyd N. Boland
United States Magistrate Judge


APPROVED:


_____          s/ Tamsen Leachman

Erin A. Novak                      Tamsen Leachman
Francis & Mailman, P.C.            Fisher & Phillips, LLP
100 S. Broad Street, 19th Floor    111 SW Fifth Ave. Suite 4040
Philadelphia, PA 19110             Portland, OR 97204
215.735.8600                       503.205.8095
enovak@consumerlawfirm.com         tleachman@laborlawyers.com

Attorney for Plaintiff             Attorney for Defendants